IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARTHUR JOYAL BARKER, #1290750, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:08-CV-0750-K |
| | ) | |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for habeas corpus relief brought by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is currently confined at the Eastham Unit of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) in Lovelady, Texas. Respondent is the Director of TDCJ-CID. The Court has not issued process pending preliminary screening.

Statement of the Case: In 1981 Petitioner was convicted for the offense of burglary of a habitation in the 194th Judicial District Court of Dallas County, Texas, in Cause No. F81-1649. Punishment was assessed at five years imprisonment. (Petition (Pet.) at 2). On March 1, 2005, he pled guilty to the offense of aggravated robbery in Cause No. F04-35305-MU. He also

entered pleas of true to two prior convictions identified by the prosecution to enhance the range of punishment. Thereafter, a jury was selected to assess the punishment to be imposed. On March 1, 2005, the jury assessed Petitioner's punishment at a term of 80 years imprisonment, for which he is presently incarcerated within TDCJ-CID.

On July 27, 2007, Petitioner filed a federal habeas petition challenging his aggravated robbery conviction in Cause No. F04-35305-MU. *Barker v. Quarterman*, No. 3:07cv1321-N. The undersigned filed findings and conclusions on January 24, 2008, recommending that the petition be denied on the merits. *Id.* The matter is presently pending before the district court.

In the present petition, filed on May 1, 2008, Petitioner seeks to challenge his 1981 conviction for burglary of a habitation. In the first three grounds, he argues his 1981 conviction was barred by laches, counsel rendered ineffective assistance, and the indictment was ineffective. In the fourth ground, he argues that his 1981 conviction was improperly used to enhance his 80-year sentence for aggravated robbery in F04-35305-MU.

Findings and Conclusions: The petition in this case is subject to summary dismissal pursuant to Rule 4, of the Rules Governing Section 2254 Proceedings. That Rule provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

A federal court may consider a writ of habeas corpus only "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Presently Petitioner is not incarcerated on the basis of his five-year sentence in No. F81-01649. The Texas Department of Criminal Justice Offender Information Detail reflects that Petitioner is presently confined on the basis of his aggravated robbery conviction in No. F04-35305-MU. *See* http://168.51.178.33/webapp/TDCJ/InmateDetails.jsp?sidnumber =02849372. It, thus, appears that Petitioner's five-year sentence in No. F81-01649 was fully served long ago. As a result he cannot bring a federal habeas action based solely on his conviction in No. F81-01649. *See Maleng v. Cook*, 490 U.S. 488, 493 (1989).

In *Maleng*, 490 U.S. at 493-94, and *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 401-02 (2001), the Supreme Court acknowledged that because a § 2254 petition could be construed as asserting a challenge on a current sentence, as enhanced by an allegedly invalid prior conviction, a petitioner could satisfy the "in custody" requirement for federal habeas jurisdiction despite the full expiration of his sentence.

The first three claims raised in the current petition -- laches, ineffective assistance of counsel, and defective indictment -- do not allege facts sufficient to raise an "in custody" issue under *Maleng* and *Lackawanna* with respect to No. F81-01649. While the fourth ground -- which challenges the enhancement of his current sentence -- raises an "in custody" issue, the court notes that it was previously raised and addressed in the federal petition in No. 3:07cv1321-N. *See* Findings and Recommendation at 5 (concluding that the second and third claims, which challenged enhancement of sentence, raised state law issues not cognizable in a federal habeas proceeding). Accordingly, Petitioner's challenge to his conviction in No. F81-01649 should be dismissed for want of jurisdiction because he can not satisfy the "in custody" requirement.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition be dismissed for want of jurisdiction, and that Petitioner's motion for hearing and to appoint counsel be DENIED.

A copy of this recommendation will be mailed to Petitioner.

Signed this 8th day of May, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.